United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-11111-amc
Christine Aversa                                                          Chapter 7
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1              Date Rcvd: Jun 15, 2018
                              Form ID: 318             Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 17, 2018.
```
db              +Christine Aversa,    1002 Woodview Court,    Warrington, PA 18976-2453
14058648        +Brixmor Property Group,    One Fayette Street,    Suite 150,    Conshohocken, PA 19428-2081
14058649         Comcast,    P.O. Box 3001,    Southeastern, PA 19398-3001
14064698        +ERP New Britain Property Owner LP,    c/o Dana S. Plon, Esquire,    Sirlin Lesser & Benson, P.C.,
                  123 South Broad Street, Suite 2100,    Philadelphia, PA 19109-1042
14058651        +Petro Oil,    1701 Sherman Avenue,    Pennsauken, NJ 08110-2626
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr              +EDI: QRHHOLBER.COM Jun 16 2018 05:53:00      ROBERT H. HOLBER,    Robert H. Holber PC,
                  41 East Front Street,    Media, PA 19063-2911
smg              E-mail/Text: megan.harper@phila.gov Jun 16 2018 02:06:55      City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA 19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 16 2018 02:05:51
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 16 2018 02:06:34      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14058650         E-mail/Text: bankruptcygroup@peco-energy.com Jun 16 2018 02:05:28      PECO,
                  2301 Market Street,    Philadelphia, PA 19103-1380
14058652         EDI: TDBANKNORTH.COM Jun 16 2018 05:53:00      TD Bank,    P.O. Box 84037,
                  Columbus, GA 31908-4037
                                                                                              TOTAL: 6

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14058653       Toyota Leasing
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 17, 2018                                    Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 14, 2018 at the address(es) listed below:
```
          DANA S. PLON    on behalf of Creditor    ERP New Britain Property Owner LP dplon@sirlinlaw.com
          KENNETH G. HARRISON    on behalf of Debtor Christine  Aversa kghesq@juno.com
          KEVIN G. MCDONALD    on behalf of Creditor    Amalgamated Bank bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
          ROBERT H. HOLBER     trustee@holber.com,   rholber@ecf.epiqsystems.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 6
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Christine Aversa** | Social Security number or ITIN **xxx–xx–8554** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **18–11111–amc**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Christine Aversa
fdba Burger Girl, LLC

<u>6/14/18</u>

**By the court:**  <u>Ashely M. Chan</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                        **Order of Discharge**                                    page 2